**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Tina M. HOLSTROM, Defendant– Appellee.**

No. 06–30008.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed May 22, 2007.

James A. McDevitt, Esq., Jared C. Kimball, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellant.

Rebecca L. Pennell, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellee.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and SCHWARZER *, District Judge.

MEMORANDUM **

The government appeals from the dismissal of an indictment under 18 U.S.C. § 1001. Tina Holstrom ("Holstrom") was charged with making materially false statements in violation of § 1001 in connection with allegedly false time card entries she submitted to her employer Batelle Memorial Institute ("Batelle"), a prime contractor of the United States Department of Energy ("DOE"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The facts of this case are familiar to the parties and we recite them here only to the extent necessary to explain our decision.

Section 1001 prohibits a person from making materially false statements in a matter "within the jurisdiction" of a federal department or agency. 18 U.S.C. § 1001(a). "Proof of five elements is essential to sustain a conviction for [an] offense under 18 U.S.C. § 1001: a statement, falsity, materiality, specific intent, and agency jurisdiction." *United States v. Boone*, 951 F.2d 1526, 1544 (9th Cir.1991). The district court dismissed the indictment based on the government's failure to establish the final element, "agency jurisdiction" over Holstrom's allegedly false time card entries.

Although § 1001 does not define "jurisdiction," the Supreme Court has held that the statute confers agency jurisdiction when the agency "has the power to exercise authority in a particular situation" in which the false statement arose. *United States v. Rodgers*, 466 U.S. 475, 479, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984). "To establish jurisdiction, the [false statements] must be *directly related* to an authorized function of the federal agency." *United States v. Facchini*, 874 F.2d 638, 641 (9th Cir.1989) (en banc) (emphasis added). Statements that merely concern "matters peripheral to the business of [the agency or department]" are not subject to prosecution under § 1001. *Rodgers*, 466 U.S. at 479, 104 S.Ct. 1942.

█ Holstrom was an at-will employee of Batelle at the Pacific Northwest National Laboratory ("PNNL"). Although PNNL is owned by the United States government and Batelle has a direct contractual relationship with DOE, the government has failed to show that DOE had the "power to act" with regard to Holstrom's allegedly false time card entries. Rather, the evidence demonstrates that Holstrom's alleged falsification of her time cards was peripheral to DOE's obligations and not directly related to any DOE-authorized function.

Specifically, the government has not identified any express statutory authority conferring investigatory power on DOE, much less a nexus between such investigatory power and Holstrom's allegedly false statements. Cf. *Bryson v. United States*, 396 U.S. 64, 71, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969) (concluding that § 1001 agency

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction existed where National Labor Relations Board was granted "explicit statutory authority" to receive the affidavits that contained false statements relating to union member's affiliations); *Rodgers,* 466 U.S. at 481, 104 S.Ct. 1942 (concluding that § 1001 agency jurisdiction existed where false reports were filed with the FBI and Secret Service leading those agencies to conduct investigations of the reports and that such investigations fell within the agencies' statutorily authorized investigatory powers).

Nor does the PNNL contract provide DOE with the "power to act" in response to Holstrom's alleged falsification of time cards. Rather, the PNNL contract provided that Batelle was wholly responsible for "the total performance under the contract" including all "disciplinary action with respect to [Batelle's] employees as may be necessary." All employment matters with respect to Holstrom's hiring, investigation and termination were handled by Batelle. Cf. *United States v. Green,* 745 F.2d 1205, 1207, 1208–09 (9th Cir.1985) (holding that the Nuclear Regulatory Commission ("NRC") had the power to ensure compliance with nuclear safety regulations and because a subcontractor's allegedly false statements related directly to its compliance with NRC's safety-related standards, the record supported that the agency had jurisdiction over the statements). Lacking is the relationship between the government's contract-based authority over Batelle and the statements at issue.

Nor is DOE's general contractual monitoring and investigatory authority sufficient to confer agency jurisdiction over Holstrom's allegedly false statements, as "[m]ere access to information is not enough to establish jurisdiction." *Facchini,* 874 F.2d at 640, 642 (en banc court explicitly rejected reasoning relied on in panel decision that "the scope of jurisdiction for section 1001 purposes follows the federal government's access to information"). Finally, we have never held that the mere use of federal funds in execution of a government contract is alone sufficient to confer agency jurisdiction, where there has been no showing of the agency's power to act with respect to the false statements. *Cf. id.* at 640–43. The indictment was properly dismissed for lack of agency jurisdiction under § 1001.

**AFFIRMED.**